a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RODOLFO JAVIER FALCON #28440-078,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-03209<br>SEC P |
| VERSUS | JUDGE DRELL |
| USA,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) filed by *pro se* Petitioner Rodolfo Javier Falcon ("Falcon"). Falcon is a prisoner in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. ECF No. 5. Falcon challenges the constitutionality of his conviction and sentence.

Because Falcon cannot satisfy the requirements of the savings clause of 28 U.S.C. § 2255, the Petition (ECF No. 5) should be DISMISSED for lack of jurisdiction.

I.   Background

Falcon pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, 841(b)(1)(A). Count two was dismissed pursuant to a plea agreement. *United States v. Rodolfo Javier Falcon*, 5:19-CR-0023; ECF No. 277. Falcon was sentenced to 360 months of imprisonment. *Id.*

1

Falcon appealed. The Government filed a motion to dismiss because the plea agreement contained an appellate waiver. *United States v. Rodolfo Javier Falcon*, Case 21-40256 (5th Cir.), Doc. No. 00515936379. On August 26, 2021, the United States Court of Appeals for the Fifth Circuit granted the Government's motion and dismissed Falcon's appeal. *See Falcon*, 5:19-CR-0023; ECF No. 329.

Falcon's § 2241 Petition alleges that he received ineffective assistance of counsel, received an improper sentencing enhancement, and was coerced into entering a plea agreement. ECF No. 5.

## II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2255 motion is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (*per curiam*) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (*per curiam*)). Claims cognizable under § 2255 include allegations that "judgment was rendered without jurisdiction, . . . that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

A § 2241 petition is used to challenge the manner in which a federal sentence is being executed. *See Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). However, a

federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if the prisoner can satisfy the mandates of the "savings clause" of § 2255(e). *See Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000)); *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)).

The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See Jeffers*, 253 F.3d at 830.

Before a petitioner may pursue relief through § 2241 under the language of the savings clause of § 2255(e), the petitioner must demonstrate that: (1) the claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that the petitioner was "actually innocent" of the charges because the decision decriminalized the conduct for which the petitioner was convicted; and (3) the claim would have been foreclosed by existing circuit precedent had the petitioner raised it at trial, on direct appeal, or in the original § 2255 petition. *See Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830).

Falcon checked a box on his Petition indicating that he already filed a § 2255 motion. ECF No. 5 at 3. However, his appeal was just recently dismissed on August 26, 2021. And according to PACER, no motion to vacate under § 2255 has been filed.

3

Moreover, Falcon does not allege that § 2255 is inadequate or ineffective to raise his claims, or that his claim is based on a retroactively applicable Supreme Court decision establishing his actual innocence.

### III. Conclusion

Because Falcon challenges his conviction and sentence and he does not meet the requirements of the savings clause, his Petition (ECF No. 5) should be DISMSSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Falcon's claims.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[1] *Pack*, 218 F.3d at 454 ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

5

SIGNED on Tuesday, October 19, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE